Dear Ms. Pevey:
Your request for an Attorney General's opinion concerning the possible duty to report assaults on children in school settings has been forwarded to me for research and reply. Specifically, you have asked the following question:
 Must Louisiana licensed social workers, in order to avoid criminal liability, directly report to police and/or child protection when a child is assaulted in a school setting by a teacher or other school personnel?
The applicable criminal statute in the area of reporting child abuse is La. R.S. 14:403. This article is cited in relevant part as follows:
 A. (1) Any person who, under Children's Code Article 609(A), is required to report the abuse or neglect or sexual abuse of a child and knowingly and willfully fails to do so shall be guilty of a misdemeanor and upon conviction shall be fined not more than five hundred dollars or imprisoned for not more than six months, or both.
As is referred to in the above statute, Children's Code Article 609(A) is the starting point to determine what persons must report possible incidents of child abuse. Children's Code Article 609 is also cited, in relevant part, as follows:
A. With respect to mandatory reporters:
 (1) Notwithstanding any claim of privileged communication, any mandatory reporter who has cause to believe that a child's physical or mental health or welfare is endangered as a result of abuse or neglect or that abuse or neglect was a contributing factor in a child's death shall report in accordance with Article 610.
 (2) Violation of the duties imposed upon a mandatory reporter subjects the offender to criminal prosecution authorized by R.S. 14:403(A)(1).
Following the previously cited article, in number and in qualification, is Article 610 of the Children's Code, which provides the procedures for reporting any abuse of children. Article 610 of the Children's Code is additionally cited, in relevant part, as follows:
 A. Reports of child abuse or neglect or that such was a contributing factor in a child's death, where the abuser is believed to be a parent or a caretaker, shall be made immediately to the local child protection unit of the department. Reports in which the abuse or neglect is believed to be perpetrated by someone other than a caretaker and the caretaker is not believed to have any responsibility for the abuse or neglect shall be made immediately to a local or state law enforcement agency.
Finally, following the language of the above cited statutes, the definitions of several terms used therein must be given. Children's Code Article 603 provides these definitions and is cited in relevant part as follows:
 (1) "Abuse" means any one of the following acts which seriously endangers the physical, mental, or emotional health of the child;
 (a) The infliction, attempted infliction, or, as a result of inadequate supervision, the allowance of the infliction or attempted infliction of physical or mental injury upon the child by a parent or any other person . . .
 (3) "Caretaker" means any person legally obligated to provide or secure adequate care for a child, including a parent, tutor, guardian, legal custodian, foster home parent, an employee of a public or private day care center, or other person providing residence for the child . . .
 (13) "Mandatory reporter" is any one of the following individuals performing their occupational duties: . . .
 (b) "Mental health/Social service practitioner" is any individual who provides mental health care or social service diagnosis, assessment, counseling, or treatment, including . . . social worker . . .
 (c) "Teaching or child care provider" is any person who provides training and supervision of a child, including . . . social worker . . .
With the relevant statutes and definitions listed above, an examination of the present question may now be made. Social workers are included in the mandatory reporter provisions of Children's Code Article 603 (13)(b) (c). When a teacher assaults a child, this may rise to the level of abuse. Abuse is defined in the above statute, and the act of abuse or assault must seriously endanger the physical, mental, or emotional health of a child. If the social worker feels the teacher's assault on a child is abuse under La. C. Ch. art. 603(1), and the worker believes that a child's physical or mental health is endangered because of the abuse, he or she must report the act according to La. C. Ch. art. 609 using the procedures provided in La. Ch. C art 610, or face possible criminal liability under La. R.S. 14:403.
Even with the provided definition of abuse, and what must thus be reported, the social worker must make the determination whether the act in question qualifies to be reported. In the social worker's favor is the fact that if he or she acts in good faith, a false report will not result in any criminal or civil liability on their part. La. R.S. art. 403(3); La. Ch. C. art.611. With this in mind, the social worker who feels an assault by a teacher or school official on a child rises to the level of reportable abuse must make out the report following the statutorily provided procedures.
Children's Code Article 610 provides procedures for reporting abuse by caretakers or non-caretakers. Because a teacher or school official, as an abuser, would not fit the above cited definition of a caretaker, a social worker would need to follow the last part of La. Ch. C. 610(A) and immediately report the abuse to a local or state law enforcement agency. Therefore, the social worker, who feels a reportable abuse has occurred on a child, is mandated to report this abuse, and by not doing so, could face criminal liability.
In conclusion, a social worker who feels an assault by a school teacher or official on a child rises to the level of abuse must report the incident. As a mandatory reporter, the social worker must make this report of abuse by a non-caretaker to a local or state law enforcement agency.
If our office can be of any further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ Julie Cullen Assistant Attorney General